UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

SERGIO JESUS VASALLO GARCIA and all
others similarly situated under 29 U.S.C. 216 (b)

CASE NO.: 15-CV-24664

Plaintiff,

vs.

LUIS INNOVATION CONSTRUCTION LLC,
and LUIS DULANTO

Defendants.
_____/

## ANSWER AND AFFIRMATIVE DEFENSES

Defendants, LUIS INNOVATION CONSTRUCTION, LLC and LUIS DULANTO, by and through its undersigned counsel, hereby files this Answer and Affirmative Defenses to the Complaint as follows:

1. Defendants are without knowledge and therefor deny the allegations in paragraph 1 of the Complaint.

2. Defendants are without knowledge and therefor deny the allegations in paragraph 2 of the Complaint.

3. Defendants admit the company does business in Dade County and that Plaintiff worked for Defendant company, however all remaining allegations in paragraph 3 of the Complaint are denied.

4. Denied.

5. Defendants admit that venue is proper but denies all remaining allegations in paragraph 5 of the Complaint.

6. Denied.

7. Defendants admit jurisdiction but deny all remaining allegations in paragraph 7 of the Complaint.

8. Paragraph 8 of the Complaint states a legal conclusion to which no response is required; if a response is required, Defendants deny the allegations in paragraph 8 of the Complaint.

9. Defendants are without knowledge and therefore deny the allegations in paragraph 9 of the Complaint.

10. Defendants are without knowledge and therefore deny the allegations in paragraph 10 of the Complaint.

11. Defendants are without knowledge and therefore deny the allegations in paragraph 11 of the Complaint.

12. Admit.

13. Defendants are without knowledge and therefore deny the allegation in paragraph 13 of the Complaint.

14. Denied.

15. Denied.

WHEREFORE, Defendants deny that Plaintiff is entitled to the requested relief or any relief and prays for an order from this court dismissing the action and assessing attorneys' fees and costs against Plaintiff in favor of Defendants and for such other and further relief as the court deems just and proper.

**FIRST AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred in whole or in part by statutory exemptions, exclusions, exceptions, or credits under FLSA, including but not limited to 29 U.S.C. § 207(i), Section 13(b)(1) under FLSA.

**SECOND AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred by payment in that Plaintiff has received all compensation to which he is entitled under Fla. Stat. §448 et al. and FLSA. Plaintiff was compensated for any compensable hours worked. Should any overtime compensation be owed to Plaintiff due to errors or inadvertence, Defendants will compensate Plaintiff for the compensable hours worked.

**THIRD AFFIRMATIVE DEFENSE**

If Plaintiff proves that Defendants acted in violation of FLSA, which Defendants specifically denies, such action was not willful or reckless, but rather in good faith and based upon a reasonable belief that such action was not a violation of FLSA. Thus, liquidated damages would not be warranted and Plaintiff's remedy, if any, is limited to the two (2) year period immediately preceding the filing of this Complaint.

**FOURTH AFFIRMATIVE DEFENSE**

The claims of Plaintiff are barred because any acts or omissions by Defendants were in good faith conformance with a written administrative regulation, order, ruling, approval, or interpretation by the Administrator of the Wage and Hour Division of the U.S. Department of Labor, or an administrative practice or enforcement policy of such agency and/or judicial orders and interpretations with respect to the class of employers to which Defendants belongs.

**FIFTH AFFIRMATIVE DEFENSE**

Any claim for additional compensation by Plaintiff must be reduced by compensation already paid to Plaintiff for periods not compensable under FLSA.

**SIXTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred in whole or in part as to all hours during which Plaintiff was engaged in activities that were preliminary or postliminary to his principal activity.

**SEVENTH AFFIRMATIVE DEFENSE**

Plaintiff failed to comply with Defendants' well established procedure for reporting and being compensated for overtime worked and thus his claims are barred.  Any hours worked beyond Plaintiff's compensated work-week which are alleged to constitute compensable hours under FLSA were unauthorized and performed without Defendants' knowledge.

**EIGHTH AFFIRMATIVE DEFENSE**

Any elements of Plaintiff's compensation within the purview of Section 7(e) of the FLSA, 29 U.S.C. § 207(e), must be excluded from the regular rate of pay for purposes of calculating alleged overtime.

**NINETH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred or should be reduced as his claim for liquidated damages and interest are mutually exclusive and would constitute an impermissible double recovery.

**TENTH AFFIRMATIVE DEFENSE**

The time periods for which Plaintiff is claiming entitlement to overtime pay fall within the "*de minimus*" exception.

**RESERVATION**

Defendants reserve the right to amend and/or supplement answers and their affirmative defenses, to assert additional defenses, and/or raise third party claims upon the particularization of Plaintiff's claims, upon discovery and review of additional documents and information, and upon the development of other pertinent facts as discovery progresses.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was filed electronically by using the CM/ECF system and has been furnished electronically to J.H. Zidell, Esq. at zabogado@aol.com on this 5th day of May, 2016.

*Respectfully Submitted,*

Silverberg & Weiss, P.A.
*Attorneys for Defendants*
1290 Weston Road, Suite 218
Weston, Florida 33326
Primary e-mail address: Notices@pkslegal.com
(954) 384-0998 tel.
(954) 384-5390 fax.

By: ___/s/Paul Silverberg_____
   Paul K. Silverberg, Esq.
   Florida Bar No. 147877