## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

CASE NO. 15-24664-Civ-COOKE/TORRES

SERGIO JESUS VASALLO GARCIA
and all others similarly situated
under 29 U.S.C. 216 (b)

      Plaintiff,

vs.

LUIS INNOVATION CONSTRUCTION
LLC, and LUIS DULANTO,

      Defendants.
_____/

## ORDER ON PENDING MOTIONS

This matter is before the Court on three pending motions that are ripe for disposition. After review of the parties' filings and the supporting record, the Court's rulings follow.

### A.   *Motion for Sanctions [D.E. 35]*

Defendant's motion for sanctions stems from the undisputed fact that Plaintiff failed to personally appear at mediation, notwithstanding the Court's mediation Order that expressly required him to do so. Plaintiff attests that he knew about the scheduled mediation but forgot to attend as scheduled due to his prescription medication that affects his memory. He asks that sanctions not be imposed because his failure to comply with the Court's Order was inadvertent.

Accepting for a moment that Plaintiff's excuse is true, which we do largely because the Plaintiff's own interests would have been better served by attending, Defendant is not duty bound to bear the cost of Plaintiff's problem. If Plaintiff was aware that he had memory issues he should have disclosed that problem to his lawyer who could have arranged for the Plaintiff to be alerted to the appointment and taken to the mediation. Plaintiff's failure to ameliorate his problems was at best negligent in this respect.

Accordingly, sanctions are appropriate to remedy the prejudice to Defendant. Because the mediation did proceed to a conclusion without the personal presence of the Plaintiff, the Court will not award attorneys' fees for the unsuccessful mediation or Defendant's counsel's appearance. Costs, however, are a different matter. Plaintiff shall reimburse Defendant within five days for Defendant's share of the mediator's fee, which is the cost most proximately related to the prejudice suffered. The mediation proved to be defective due to no fault of the Defendant. Plaintiff shall reimburse Defendant for that cost, payment for which shall be made within five days. The motion for sanctions is thus **GRANTED** to this extent.

### B.     *Motion for Sanctions [D.E. 40]*

Plaintiff's own motion for sanctions seeks to remedy Defendant's failure to timely serve its Rule 26 disclosures, which should have included name and location information of witnesses with knowledge of all of the defenses raised in the case, and specifically relating to the defense that enterprise coverage is lacking in this case. The motion claimed that no disclosures were ever served.

In response, Defendant never rebutted this allegation, nor did it show how that failure was ever cured, other than to say that even if disclosures were served (as required by Rule 26a)) they would not have included the persons cited in Plaintiff's motion. Defendant points out that the only relevant "supplier" of goods that Defendant could have disclosed was Home Depot, an entity that Plaintiff was fully aware about prior to filing his motion for sanctions.

In a case like this, with a short discovery window, it is essential that initial disclosures be timely served and complete. Defendant cavalierly seems to believe that Rule 26(a)(1) does not apply to it because "it is a small company." The Court's review of Rule 26(a)(1), however, does not evidence any such exception. To the contrary, the law is quite clear that complete initial disclosures must be timely served in every case, and that failure to do so may be grounds for sanctions (whether or not bad faith is shown). *See, e.g., Wilson v. AM Gen. Corp.,* 167 F.3d 1114, 1117 (7th Cir. 1999); *Quesenberry v. Volvo Group N. Am., Inc.,* 267 F.R.D. 475, 478 (W.D. Va. 2010). And the fact that subsequent discovery that Defendant responded to would have included the same information is not an excuse or substantial justification. *See, e.g., Wallace v. U.S.A.A. Life Ins. Gen. Agency, Inc.,* 862 F. Supp. 2d 1062, 1065 (D. Nev. 2012).

On the other hand, it is not entirely clear that Defendant would have had to identify all the entities or persons cited in the motion because Defendant may in good faith believe that it would not deem those entities or persons as witnesses on its behalf notwithstanding its enterprise coverage argument. Thus, the prejudice here is minimal. But minimal prejudice still warrants appropriate sanctions under Rule 26(a).

This motion should not have been necessary had some effort been made to comply with Rule 26(a).  Counsel should have ensured that the Rule was followed, even if this is a small case and his client is a small company.  And the cavalier response did not help matters.

Accordingly, the motion is **GRANTED** to the extent that it is clear that no disclosures were ever served (even after the filing of the motion) in violation of Rule 26(a).  Counsel shall, therefore, reimburse Plaintiff for the filing of the unnecessary motion in the amount of $500.00.  Payment shall be made in five days.

### C. *Motion to Compel [D.E. 60]*

Plaintiff filed a Renewed Motion to Compel following the Defendants' partial compliance with the Court's Order of July 26, 2016 [D.E. 56].  Though Defendant produced the tax returns Ordered by the Court, Defendant failed to do so with respect to bank account records.  Defendant's response to the motion claims that it did not do so because the requests were only directed at individual bank accounts.  And as for those accounts, Defendant claims that none are in its possession custody or control.

Yet, the Court's Order did not limit its scope to individual bank account records; instead the Court expressly Ordered *Defendants* to produce banking records for 2013 and 2014.  Following the filing of the motion, the corporate Defendant did ultimately produce those records so that issue may now be moot.  But as to the individual bank records, the motion to compel is Granted.  Defendant shall produce within five days either (a) an affidavit that attests that Defendant had no bank accounts in his name, individually or jointly, for the years 2013 and 2014; or (b) complete copies of those

account records that are clearly in his control based upon his access to those accounts through his bank.

The remaining issues raised in the motion seek to renew arguments that were considered and rejected by the Court in its July 26th Order. Discovery is now closed and the matters raised by the motion were untimely raised before the Court's July 26th Order, and remain so today. We note for instance that the renewed motion seeks a Rule 34(a)(2) inspection of the Defendant's property to review and verify the materials that are claimed to be used by Defendant's business. Yet, the Court's review of the earlier motions or the record as a whole does not evidence any such Rule 34 request being timely served, nor a motion to compel that addressed such a request. In cases like this a Rule 34(a)(2) inspection should be requested at the earliest opportunity because that may be the best way to get the type of detailed information that Plaintiff is seeking. But the Court will not compel such an inspection now for the first time when it is being requested months after discovery closed and after dispositive motions have been filed.

Accordingly, the motion to compel is **GRANTED** to the extent necessary to enforce the Court's July 26th Order, as set forth above. In all other respects, the motion is **DENIED** as untimely.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 24th day of August, 2016.

                                                         */s/  Edwin G. Torres*
                                                       EDWIN G. TORRES
                                                       United States Magistrate Judge