UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

SERGIO JESUS VASALLO GARCIA and all    CASE NO.: 15-CV-24664
others similarly situated under 29 U.S.C. 216 (b)

    Plaintiff,

vs.

LUIS INNOVATION CONSTRUCTION LLC,
and LUIS DULANTO

    Defendants.
_____/

**DEFENDANTS' UNOPPOSED MOTION FOR COURT TO APPROVE
AND ENFORCE WRITTEN SETTLEMENT AGREEMENT**

Defendants, LUIS INNOVATION CONSTRUCTION, LLC and LUIS DULANTO ("Defendants"), by and through undersigned counsel, hereby move to approve and enforce a written settlement agreement and in support thereof state as follows:

**Background**

Plaintiff filed this action alleging violation of the Fair Labor Standards Act for overtime wages. Defendants have denied the applicability of FLSA to its business operations as it does not meet the threshold jurisdictional requirements of interstate commerce. Defendants also filed a Motion for Summary Judgment on this issue. After completing discovery and document production, the parties through counsel initiated settlement discussions. On September 20, 2016 the parties agreed to the terms of the settlement via email, each counsel having confirmed their respective clients' verbal agreement to the terms.

Thereafter the counsel drafted and agreed upon a full, written and final agreement as to the complete terms of the settlement. On September 30, 2016, Defendants executed the settlement agreement and forwarded same to Plaintiff' counsel, together with the settlement funds. See

1

Exhibit 1 hereto. Since that time, Defendants' counsel has repeatedly requested from Plaintiff's counsel a copy of the executed agreement. Each time, Plaintiff's counsel states she was having difficulty obtaining a signed copy of the settlement agreement from Plaintiff even though Plaintiff verbally fully agreed to the terms and amount of the settlement on September 20, 2016[1].

As such, this Motion has become necessary because Plaintiff has failed to provide an executed Settlement Agreement, despite his prior agreement to the terms of the settlement. It has now been at least four (4) weeks since the settlement funds were sent to Plaintiff with no executed settlement agreement. Plaintiff's counsel acknowledges the settlement agreement and does not oppose this Motion[2].

**Argument**

Enforcement:

The Court should enforce the parties' written settlement agreement. "To compel enforcement of a settlement agreement, its terms must be sufficiently specific and mutually agreed upon as to every essential element." *Spiegel v. H. Allen Holmes, Inc.*, 834 So.2d 295, 297 (Fla. 4th DCA 2003). What matters is whether the parties have objectively agreed to all essential terms – "one party to a settlement is not required to be a mind reader or to know the private thoughts or intentions of the other party; rather, the parties need only agree on what they actually said or expressed to each other." *See In re Rolsafe Int'l*, 477 B.R. 884, 906 (Bankr. M.D. 2012); *see also United States v. Rand Motors*, 305 F.3d 770, 774 (7th Cir. 2002) (objective standard used to determine meaning of settlement agreement under federal common law). "Uncertainty as to nonessential terms will not preclude enforcement, but terms not agreed to will not be enforced."

---

[1] It should be noted, that Plaintiff, Sergio Garcia, also failed to attend court ordered mediation and as a result was sanctioned by the Court for failure to participate in the mediation conference.
[2] Plaintiff's counsel cannot formally agree to the Motion because Plaintiff refuses to sign it after confirming by phone that he agreed to the amount for his share per the attached Settlement Agreement.

2

*Blunt v. Tripp Scott, P.A.* 962 So.2d 987, 988-89 (Fla. 4th DCA 2007). "The definition of 'essential term' varies widely according to the nature and complexity of each transaction and is evaluated on a case by case basis." *Lanza v. Damian Carpentry, Inc.*, 6 So.3d 674, 676 (Fla. 1st DCA 2009); *see also ABC Liquors, Inc. v. Centimark Corp.*, 967 So.2d 1053 (Fla. 5th DCA 2007).

This Court has previously stated that:

> Basic contract law applies to determine whether a settlement agreement is enforceable, and in Florida, the objective test is used to determine whether such a contract is enforceable. *Robbie v. Miami*, 469 So.2d 1384, 1385 (1985); *Gaines v. Nortrust Realty Management, Inc.*, 422 So.2d 1037 (Fla. 3d DCA 1982). The party seeking enforcement of a settlement agreement to be enforced, the agreement must be "sufficiently specific and mutually agreeable on every essential agreement." *Don L. Tullis & Assocs. V. Benge*, 473 So.2d 1384, 1386 (Fla. 1st DCA 1985). Courts look to traditional notions of offer and acceptance, and basic contract law, to determine whether an enforceable contract exists. *See Robbie*, 469 So.2d at 1385. "Settlement agreements are highly favored, and will be enforced whenever possible." *Id*.

*Beharrie-Lue v. Felt Home Car, Inc.*, 09-61246, 2010 WL 2985650, at *1 (S.D. Fla. July 28, 2010).

In approving a motion to enforce a written agreement, the Court has also stated:

> An enforceable settlement agreement may, however, be reached orally. All that is required is that the terms be clear, definite and capable of proof. In addition, the physical act of signing a document is a mere formality where the parties clearly intend to be bound.

*Id., citing Reed v. United States*, 717 F. Supp. 1511, 1516-17 (S.D. Fla. 1988). The is well settled that a court has inherent authority to not only enforce written settlement agreements but also oral settlement agreements. Sands v. Wagner Hunt, P.A., 2009 WL 2730469 (S.D. Fla. Aug. 28, 2009).

Here, the parties agreed to all essential terms of the settlement, with the parties' counsel confirming mutual assent, then carefully drafted a written settlement agreement memorializing the verbal settlement. Accordingly, this Court can and should find that the parties entered into an enforceable settlement agreement.

Court Approval:

In the Eleventh Circuit, in order to ensure that the employer is relieved of liability, a compromise of an FLSA claim must either be supervised by the Secretary of Labor or must be approved by the District Court. *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982). To approve the settlement, the Court should determine that the compromise is a fair and reasonable resolution of a bona fide dispute over FLSA provisions. *Id.* at 1354. If the settlement terms meet the aforementioned criteria, the Court should approve the settlement in order to promote the policy of encouraging settlement of litigation. *Id.; see also Sneed v. Sneed's Shipbuilding, Inc.*, 545 F.2d 537, 539 (5th Cir. 1977).

Here a bona fide dispute exists between Plaintiff and Defendants regarding Plaintiff's claims for overtime wages and the alleged damages associated with same under 29 U.S.C. 201-216. Plaintiff filed a Complaint [DE1] under the Fair Labor Standards Act (FLSA) whereby Plaintiff alleged that he was not properly paid his overtime wages. Defendants disputed Plaintiff's allegations including, among other things, the amount of hours Plaintiff claims to have worked weekly and that Defendants are an enterprise covered under the FLSA, specifically with regards to interstate commerce. Throughout the discovery phase of litigation, the Parties have continued to explore, in good faith, settlement possibilities as the case progressed and at the conclusion of discovery, determined a settlement was in the best interest of the parties to avoid the risks of trial and additional expenses. Plaintiff was zealously represented by its counsel in negotiating the settlement. The amount received by Plaintiff as set forth in the Agreement is potentially more than Plaintiff would have recovered had the Parties gone to trial due to the uncertainty of litigation.

**Conclusion**

Accordingly, the Court should enforce and approve the written settlement agreement attached hereto Exhibit 2, whereupon this case should be dismissed with the Court to retain jurisdiction to enforce the written settlement agreement.

## Good Faith Conferral Pursuant to Local Rule

Defendants' counsel has consulted with Plaintiff's counsel regarding the relief sought herein and Plaintiff's counsel does NOT oppose the motion.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was filed electronically by using the CM/ECF system and has been furnished electronically to J.H. Zidell, Esq. at zabogado@aol.com on this 21st day of October 2016.

*Respectfully Submitted,*

Silverberg & Weiss, P.A.
*Attorneys for Defendants*
1290 Weston Road, Suite 218
Weston, Florida 33326
Primary e-mail address: Notices@pkslegal.com
(954) 384-0998 tel.
(954) 384-5390 fax.

By: ___/s/Paul Silverberg_____
       Paul K. Silverberg, Esq.
       Florida Bar No. 147877